IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLORIA CLARK,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   No. 3:20-CV-01094-S-BH<br>) |
| AMERICAN CASUALTY<br>INSURANCE COMPANY OF<br>READING PENNSYLVANIA,<br>    Defendant. | )<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Based on the relevant filings and applicable law, the plaintiff's claims should be summarily **DISMISSED** for lack of jurisdiction

### I.  BACKGROUND

Gloria Dean Clark (Plaintiff) sues American Casualty Insurance Company of Reading Pennsylvania (Defendant), alleging wrongful termination of benefits under the Texas Worker's Compensation Act (TWCA). (doc. 3 at 1; doc. 9 at 1.)[2]

Plaintiff alleges that she suffered an on-the-job injury to her right wrist on October 13, 2016, which resulted in permanent disability and permanent nerve damage. (doc. 3 at 1, 3; doc. 9 at 2.) Defendant, which provided workers' compensation insurance to her employer, initially denied her claim, but was ordered to pay benefits under the TWCA after a hearing on July 18, 2017; it ultimately stopped paying her benefits on September 14, 2018.  (doc. 3 at 2-4; doc. 9 at 20-26.) After an unsuccessful benefit review conference on February 5, 2019, an Administrative Law Judge

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

(ALJ) with the Texas Department of Insurance Division of Worker's Compensation conducted a contested case hearing and issued a decision and order denying Plaintiff's claim for benefits on April 1, 2019.  (doc. 9 at 12-17.)  Plaintiff requested review by an Appeals Panel, which determined that the ALJ's decision and order denying benefits became final on June 11, 2019.  (doc. 9 at 9-11, 18-19.)  Her subsequent lawsuit in the 95th District Court of Dallas County, Texas, Cause No. DC-19-09864-D, was dismissed on September 13, 2019. (doc. 8 at 2-4; doc. 9 at 3.)  The Fifth District Court of Appeals dismissed her appeal on April 23, 2020, for lack of jurisdiction because her notice of appeal was untimely. (*Id.*)

In this lawsuit, Plaintiff seeks to recover benefits under the TWCA.  (*Id.* at 2-3, 7; doc. 10 at 1-2.)  She contends that federal jurisdiction exists over her claims because "the federal court was the next level above the appeals court." (*Id.* at 5-6.) No process has been issued.

## II.  PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.,* 896 F.2d 170, 173 (5th Cir.1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.; Burge v. Parish of St. Tammany,* 187 F.3d 452, 465–66 (5th Cir.1999). In fact, Fed.R.Civ.P. 12(h)(3) requires a court to dismiss an action if it determines that it lacks jurisdiction over the subject matter.

The *Rooker-Feldman* doctrine[3] divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)).  Only the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest

---

[3] This doctrine is named after *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.,* 544 U.S. 280, 290 (2005).

court of a state.  28 U.S.C. § 1257.

Here, Plaintiff's statement that the "federal court was the next level above the appeals court" shows that she is specifically seeking review of the state appellate court's dismissal of her case. Accordingly, the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction.

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on this 15th day of June, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE